14-267-cv
Lewis v. City of New York

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 29th day of January, two thousand fifteen.

Present:     PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
             DENNY CHIN,
                     *Circuit Judges*.

_____

JONATHAN LEWIS,

                 *Plaintiff-Appellant*,


                    v.                                  14-267-cv

CITY OF NEW YORK, POLICE OFFICER SHAWN JOHNSTON, ID #947782, POLICE OFFICER JOHN DAMACCO, ID #946892, SERGEANT ALEX MONTESQUIEU, ID #928799,

                 *Defendants-Appellees*,

POLICE OFFICERS JOHN DOES 1 THROUGH 5, POLICE OFFICER STEPHEN KEREKES, ID # 947129,

                 *Defendants*.

_____

Appearing for Appellant:          Anthony C. Ofodile, Ofodile & Associates, P.C., Brooklyn, N.Y.

Appearing for Appellees:          Jonathan A. Popolow, Special Assistant Corporation Counsel, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Mauskopf, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Jonathan Lewis appeals from the December 24, 2013 order and opinion of the United States District Court for the Eastern District of New York (Mauskopf, *J.*) granting Defendants-Appellees' motion for judgment on the pleadings, denying Lewis's motion to amend, and dismissing the complaint. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, Lewis challenges the district court's decision to dismiss his claims of (1) malicious prosecution, (2) denial of the right to a fair trial, and (3) retaliation in violation of the First Amendment, and to deny leave to amend his complaint. We review a district court's grant of judgment on the pleadings pursuant to Rule 12(c) de novo, applying the same standards applicable to dismissals for failure to state a claim under Rule 12(b)(6). We accept as true all plausible allegations of fact in the complaint, and draw all reasonable inferences in favor of the non-moving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999). To survive the pleading stage, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must do more than conclusorily assert the elements of a cause of action, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "We review a district court's denial of leave to amend for abuse of discretion, unless the denial was based on an interpretation of law, such as futility, in which case we review the legal conclusion *de novo*." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

First, we find no error in the district court's dismissal of Lewis's malicious prosecution claim. "To establish a malicious prosecution claim under New York law [or 42 U.S.C. § 1983], a plaintiff must prove (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010) (internal quotation marks omitted). "[T]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York, and indictment by a grand jury creates a presumption of probable cause. That presumption may be rebutted only by evidence that the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." *Id.* at 161–62 (internal quotation marks and citations omitted).

Here, Lewis's indictment by a Queens County grand jury creates a presumption of probable cause. The various iterations of Lewis's complaint fail to rebut this presumption, essentially alleging only that the defendant officers *must have* fabricated evidence in light of Lewis's version of the events and his ultimate acquittal. Such conclusory allegations are insufficient to counter the presumption of probable cause, and to allow a court to draw the reasonable inference that the grand jury's indictment was a result of fraud or other misconduct. *See Iqbal*, 556 U.S. at 679 ("where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'") (quoting Fed. R. Civ. P. 8(a)(2)). We are unpersuaded by

Lewis's argument that he was unable to provide more specific allegations in the absence of discovery as to how the indictment was obtained. While such discovery would certainly have been useful, we find it difficult to believe that Lewis was unable to make more specific allegations regarding any fabrication in the State's evidence in the criminal proceeding, where he was present throughout the subsequent trial on the indictment.

Lewis's claim of denial of the right to a fair trial fails for the same reasons. We have held that "[w]hen a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors, he violates the accused's constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983." *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997). We agree with the district court that because Lewis has provided no detail regarding the evidence purportedly fabricated by the defendant officers, he has not stated a plausible claim for denial of the right to a fair trial.

Finally, we affirm the dismissal of Lewis's First Amendment retaliation claim. Regardless of whether he alleges a claim of retaliatory arrest or one of retaliatory prosecution, Lewis lacks third-party standing to bring a First Amendment retaliation claim on the basis of his mother's allegedly protected speech. Although the district court did not dismiss Lewis's claim on third-party standing grounds, appellees did raise this argument below and press it again on appeal. Our review is de novo, and we may affirm on any basis supported by the record. *See Coulter v. Morgan Stanley & Co. Inc.*, 753 F.3d 361, 366 (2d Cir. 2014) ("We review the district court's grant of a motion to dismiss *de novo*, but may affirm on any basis supported by the record.").

Lewis claims that he was either arrested or prosecuted in retaliation for his mother's allegedly protected speech when she complained to the defendant officers regarding their treatment of her son. In the context of a First Amendment retaliation claim, this Court has held that "[a] plaintiff may assert the constitutional claims of a third party if the plaintiff can demonstrate: (1) injury to the plaintiff, (2) a close relationship between the plaintiff and the third party that would cause plaintiff to be an effective advocate for the third party's rights, and (3) some hindrance to the third party's ability to protect his or her own interests." *Camacho v. Brandon*, 317 F.3d 153, 159 (2d Cir. 2003) (internal quotation marks omitted). "Implicit in *Camacho*'s formulation is the requirement that the third party . . . [have] *a constitutional claim*." *Huth v. Haslun*, 598 F.3d 70, 75 (2d Cir. 2010) (emphasis in original). Here, there is no allegation that Lewis's mother suffered an injury from her allegedly protected speech. *Cf. id.* ("Huth does not allege that Archer suffered any retaliation for her activities, or more broadly, that Archer's constitutional rights were violated in any way. Indeed, she concedes that Archer could not have brought a claim herself because she did not suffer any injury.") (internal quotation marks omitted). Yet even if such injury were alleged, Lewis has still not identified any "hindrance to [his mother] asserting [her] own rights." *Campbell v. Louisiana*, 523 U.S. 392, 397 (1998). Indeed, there is no allegation that Lewis's mother would be unable or unwilling to assert her own rights. In the absence of such a hindrance, Lewis lacks third-party standing to assert a First Amendment retaliation claim on the basis on his mother's allegedly protected speech.

3

We have considered the remainder of Lewis's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk