14-4576-cv
Walker v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of November, two thousand fifteen.

PRESENT:   JON O. NEWMAN,
                     ROBERT D. SACK,
                     CHRISTOPHER F. DRONEY,
                              *Circuit Judges*.
------------------------------------------------------------------------
JUNIOR WALKER, TAHERA BULLEN-WALKER, on behalf of themselves and on behalf of their infant children T.W. and N.W.,

                     *Plaintiffs-Appellants*,

                     v.                                                                No. 14-4576-cv

CITY OF NEW YORK, SHARON ROGERS, Deputy Director for Brooklyn Field Office, Zone E, New York City Administration for Children's Services, STACEY ROBINSON, a Caseworker for the New York City Administration for Children's Services, JACQUELINE MCKNIGHT, Assistant Commissioner Brooklyn, New York City Administration for Children's Services, BURTON LEWIS, Supervisor for the New York City Administration for Children's Services, NATARSKY LOUISSAINT, Caseworker for the New York City Administration for Children's Services, GLADYS WHITE, a Caseworker Supervisor for the New York City Administration for Children's Services, KAREN SAWYER-BARRO, Supervisor for the New York City Administration for Children's

Services, JOHN MATTINGLY, former Commissioner of the
New York City Administration for Children's Services, in
his individual and official capacities,

*Defendants-Appellees.*[*]

------------------------------------------------------------------------

FOR PLAINTIFFS-APPELLANTS:  KATHY A. POLIAS, Brooklyn, NY.

FOR DEFENDANTS-APPELLEES:  SUSAN P. GREENBERG, Assistant Corporation Counsel, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from a December 8, 2014 judgment of the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Junior Walker and Tahera Bullen-Walker, on behalf of themselves and their infant children, T.W. and N.W. ("Plaintiffs"), appeal from a judgment of the district court granting summary judgment in favor of Defendants-Appellants, the City of New York and various officers and employees of the New York City Administration for Children's Services ("ACS") (collectively, "Defendants"), on Plaintiffs' 42 U.S.C. § 1983 claims. After a source at T.W.'s school reported a possible incident of abuse, ACS began an investigation that eventually resulted in the removal of T.W. and N.W. from the family's home. ACS commenced and then pursued neglect proceedings against Mr. Walker in New York State Family Court. During a hearing conducted within a week of the removal, Family Court Judge Bryanne Hamill made on-the-record findings, following an *in camera* interview and examination of T.W., that T.W. was "afraid of his father" and "in this Court's opinion has been beaten." J.A. 201-02. However, the State Central Registry ultimately determined that the allegations were unsubstantiated, and, more than two years after the proceedings had commenced, the Family Court dismissed ACS's petitions. Plaintiffs then commenced this action under 42 U.S.C. § 1983, alleging various constitutional violations and related state law claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

---

[*] The Clerk of the Court is directed to amend the official caption to conform to the above.

We review *de novo* a district court's grant of summary judgment. *See Aulicino v. N.Y.C. Dep't of Homeless Servs.*, 580 F.3d 73, 79 (2d Cir. 2009). Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The reviewing court "must construe the facts in the light most favorable to" the party against whom summary judgment was granted and "must resolve all ambiguities and draw all reasonable inferences" in favor of that party. *Beyer v. Cty. of Nassau*, 524 F.3d 160, 163 (2d Cir. 2008) (internal quotation mark and citation omitted). "We may affirm . . . on any basis for which there is a record sufficient to permit conclusions of law, including grounds upon which the district court did not rely." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993).

"[I]t is well settled that child protective services workers are entitled to qualified immunity for their conduct during the course of abuse investigations." *Wilkinson ex rel. Wilkinson v. Russell*, 182 F.3d 89, 99 (2d Cir. 1999). In deciding whether a defendant is entitled to qualified immunity, courts conduct a two-pronged inquiry: (1) whether the facts before the court establish the violation of a constitutional right, and (2) whether that right was clearly established at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). In analyzing the second prong, the standard is one of objective reasonableness. *Malley v. Briggs*, 475 U.S. 335, 344 (1986).

We have "adopted a standard governing case workers which reflects the recognized need for unusual deference in the abuse investigation context." *Wilkinson*, 182 F.3d at 104. Under that deferential standard, "[a]n investigation passes constitutional muster provided simply that case workers have a 'reasonable basis' for their findings of abuse." *Id.* (citation omitted). At the same time, case workers are not "free to substantiate a claim of abuse . . . by ignoring overwhelming exculpatory information or by manufacturing false evidence." *Id.*

We agree with the district court that the record is devoid of evidence that Defendants perjured themselves or manufactured false evidence. None of the alleged misstatements or inconsistencies identified by Plaintiffs rises to the level of a due process violation. *Cf. Cornejo v. Bell*, 592 F.3d 121, 129 (2d Cir. 2010) ("[T]his Court has found no constitutional violation where caseworkers allegedly committed 'sins of commission and omission in what they told and failed to tell . . . the Family Court Judge.'" (quoting *van Emrik v. Chemung Cty. Dep't of Soc. Servs.*, 911 F.2d 863, 866 (2d Cir. 1990))). Accordingly, the district court properly granted summary judgment to Defendants on Plaintiffs' substantive and procedural due process claims.[1]

---

[1] On appeal, Plaintiffs contend that they received inadequate notice of certain proceedings in violation of their procedural due process rights. Although it is unclear whether Plaintiffs pursued this claim in the

We likewise affirm the district court's grant of qualified immunity with respect to the children's Fourth Amendment seizure claims. The children were removed pursuant to Family Court orders, and the individuals effecting their removal were thus entitled to qualified immunity absent "a substantial preliminary showing that the affiant knowingly and intentionally, or with reckless disregard for the truth, made a false statement" in procuring the removal orders. *Southerland v. City of New York*, 680 F.3d 127, 146 (2d Cir. 2012) (internal quotation mark and citation omitted). Plaintiffs have adduced no evidence to suggest that the alleged misstatements resulted from more than mere negligence.

Turning to Plaintiffs' malicious prosecution claims, we note that the law in our Circuit is unsettled as to whether child removal proceedings can give rise to a federal claim for malicious prosecution of a parent. *See, e.g.*, *Estiverne v. Esernio-Jenssen*, 833 F. Supp. 2d 356, 380 (E.D.N.Y. 2011). We need not resolve this question at present, however, as Plaintiffs base their malicious prosecution claims on the same allegations of fabricated evidence that form the basis of their due process claims. Thus, for the reasons discussed above, no factual questions remain with respect to whether Mr. Walker was maliciously prosecuted.

Finally, Plaintiffs allege retaliation in violation of the First Amendment, arguing that Mr. Walker's objections to the ACS investigation motivated Defendants' conduct. Even if there were sufficient evidence to support such an inference of retaliatory intent in this case (an issue we do not reach), the existence of a "reasonable basis" for the removal proceedings would defeat Plaintiffs' claims. *Cf. Curley v. Vill. of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001) ("[B]ecause defendants had probable cause to arrest plaintiff, an inquiry into the underlying motive for the arrest need not be undertaken."); *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 120 (2d Cir. 1995) ("We have held previously that if the officer either had probable cause or was qualifiedly immune from subsequent suit (due to an objectively reasonable belief that he had probable cause), then we will not examine the officer's

---

district court, we assume *arguendo* that they did and hold that such a claim cannot withstand Defendants' invocation of qualified immunity in any event. A bare assertion that Defendants failed to comply with state law, even if true, is insufficient to sustain a § 1983 claim. *See Young v. Cty. of Fulton*, 160 F.3d 899, 902 (2d Cir. 1998) ("The procedure mandated by state family law is not the benchmark for evaluating whether or not there has been a federal constitutional violation."). Nor would any constitutional right to a particular form of notice have been clearly established at the time of the events in question. *Cf. Tenenbaum v. Williams*, 193 F.3d 581, 594 n.10 (2d Cir. 1999) ("We . . . do not hold, expressly or implicitly, . . . that notice to parent or guardian is constitutionally required.").

4

underlying motive in arresting and charging the plaintiff.").  We thus affirm the grant of summary judgment on the First Amendment claims.[2]

We have considered Plaintiffs' remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Though Plaintiffs maintain that the district court improperly dismissed their state law claims with prejudice, the district court's order belies this contention, as the court expressly declined to exercise supplemental jurisdiction over those claims.  *See van Emrik v. Chemung Cty. Dep't of Soc. Servs.*, 911 F.2d 863, 868 (2d Cir. 1990) ("Having rejected appellants' constitutional claims, [the district court] properly declined to exercise pendent jurisdiction over their state law claims, in effect, dismissing them without prejudice.").

5