15-1091
*Ajamu Uwadiegwu v. Department of Social Services of the County of Suffolk*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, New York, on the 14th day of January, two thousand sixteen.

Present:
        ROBERT A. KATZMANN,
                *Chief Judge*,
        RALPH K. WINTER,
        JOHN M. WALKER,
                *Circuit Judges.*
_____

AJAMU UWADIEGWU,

        *Plaintiff-Appellant*,

                v.                                          No. 15-1091

DEPARTMENT OF SOCIAL SERVICES OF THE
COUNTY OF SUFFOLK, JOHN F. O'NEILL, acting
DSS Commissioner, individually and in his
official capacity, THE COUNTY OF SUFFOLK,
JOHN HARDER,

        *Defendants-Appellees*,

1

JOHN DOES, 1-3, certain caseworkers and/or
employees of the County of Suffolk,
and/or DSS, currently unknown,

       *Defendants.*

_____

For Plaintiff-Appellant:                    VESSELIN MITEV, John Ray, Ray, Mitev & Associates, Miller Place, New York.

For Defendants-Appellees:           CHRISTOPHER M. GATTO, Assistant County Attorney *for* Dennis M. Brown, Suffolk County Attorney, Hauppauge, New York.


Appeal from the United States District Court for the Eastern District of New York (Wexler, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Ajamu Uwadiegwu appeals from the judgment of the United States District Court for the Eastern District of New York (Wexler, *J.*) dismissing his complaint brought pursuant to 42 U.S.C. § 1983 for failure to state a claim. We assume the parties' familiarity with the facts, procedural history, and issues presented for review.

"A district court's dismissal of a complaint under Fed. R. Civ. P. 12(b)(6) is reviewed *de novo*, accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Orlander v. Staples, Inc.*, 802 F.3d 289, 294 n.4 (2d Cir. 2015) (citation omitted). "[W]e may affirm an appealed decision 'on any ground which finds support in the record, regardless of the ground upon which the trial court relied.'" *Garcia v. Lewis*, 188 F.3d 71, 75 n.2 (2d Cir. 1999) (quoting *Reid v. Senkowski*, 961 F.2d 374, 378 (2d Cir. 1992)).

2

Uwadiegwu argues that he has a constitutionally protected liberty interest in visitation rights with his children. The children have been removed from his custody, and he has been granted monitored visitation rights. However, he claims that defendants interfered with those rights by aiding the mother in moving the children to Mississippi. He claims that this interfered with his visitation rights, violating his procedural and substantive due process rights.

Uwadiegwu's claim fails even if we assume that he has such a liberty interest, an issue we have never resolved, but on which some courts have ruled in his favor. *See, e.g.*, *Brittain v. Hansen*, 451 F.3d 982, 992 (9th Cir. 2006); *Prisco v. U.S. Dep't of Justice*, 851 F.2d 93, 97 (3d Cir. 1988) *overruled on other grounds by Acierno v. Cloutier*, 40 F.3d 597 (3d Cir. 1994); *Franz v. United States*, 707 F.2d 582, 602 (D.C. Cir. 1983) *supplemented*, 712 F.2d 1428 (D.C. Cir. 1983); *Ruffalo v. Civiletti*, 539 F. Supp. 949, 952 (W.D. Mo. 1982) *aff'd sub nom. Ruffalo by Ruffalo v. Civiletti*, 702 F.2d 710 (8th Cir. 1983); *Sullivan v. Shaw*, 650 A.2d 882, 884 (Pa. Super. Ct. 1994); *cf. also Armstrong v. Manzo*, 380 U.S. 545, 550 (1965); *United States v. Myers*, 426 F.3d 117, 128-29 (2d Cir. 2005).

First, the individual defendants are entitled to qualified immunity on Uwadiegwu's procedural due process claim. "Qualified immunity protects officials from liability for civil damages as long as 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Taravella v. Town of Wolcott*, 599 F.3d 129, 133 (2d Cir. 2010) (quoting *Gilles v. Repicky*, 511 F.3d 239, 243 (2d Cir. 2007)). Uwadiegwu appears to argue that he was entitled to notice and a hearing before defendants interfered with his visitation rights. We have previously explained, however, that "[t]here is no authority for the proposition that . . . a non-custodial parent ha[s] a clearly established right to a

3

pre-termination hearing before suspension of whatever visitation rights she might have," *Young v. Cnty of Fulton*, 160 F.3d 899, 903 (2d Cir. 1998), and Uwadiegwu fails to identify any intervening change in the law that would alter that conclusion.

Second, Uwadiegwu's procedural due process claim against defendants Department of Social Services of the County of Suffolk ("DSS") and the County of Suffolk (the "County") fail because he does not offer any factual allegations that could give rise to municipal liability. "[A] municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012). "Absent such a custom, policy, or usage, a municipality cannot be held liable on a *respondeat superior* basis for the tort of its employee." *Id.* Here, Uwadiegwu's allegations that DSS (he says nothing about the County) has a policy and practice of discriminating against fathers, African Americans, disabled persons, and impoverished persons are entirely conclusory and cannot save his complaint from dismissal. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Third, Uwadiegwu's complaint does not allege government misconduct that rises to the level of a substantive due process violation. "To state a claim for a violation of th[e] substantive due process right of custody, a plaintiff must demonstrate that the state action depriving him of custody was 'so shocking, arbitrary, and egregious that the Due Process Clause would not countenance it even were it accompanied by full procedural protection.'" *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 275 (2d Cir. 2011) (quoting *Tenenbaum v. Williams*, 193 F.3d 581, 600 (2d Cir. 1999). We see no reason to apply a different standard to visitation-based

4

claims. Here, Uwadiegwu's complaint and the documents incorporated therein reveal that Uwadiegwu had been accused of abusing his children's mother and that defendants helped Uwadiegwu's children and their mother move to Mississippi after the children were removed from Uwadiegwu's care because of neglect. Simply put, defendants' conduct under these circumstances does not shock our conscience. *Cf. Fitzgerald v. Williamson*, 787 F.2d 403, 408 (8th Cir. 1986) ("[I]t does not shock our conscience or otherwise offend our judicial notions of fairness to hear that caseworkers responsible for an allegedly abused child arranged for the child to be examined by a psychologist and, after receiving confirmation of child abuse, reduced the parents' visitation rights and permitted the child to remain with her foster parent when the foster parent moved out of the parents' geographical area.").

We have considered all of Uwadiegwu's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5