16-4226-cv
Hadid v. City of New York

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of April, two thousand eighteen.

PRESENT:
> JOHN M. WALKER, JR.,
> ROSEMARY S. POOLER,
> *Circuit Judges,*
> GEOFFREY W. CRAWFORD,\*
> *District Judge.*

---

**Bobby Farid Hadid,**

> *Plaintiff-Appellant,*

v.                                No. 16-4226-cv

**City of New York, Police Commissioner Raymond W. Kelly, in his Official Capacity as Police Commissioner of The City of New York, William J. Bratton, in his Official Capacity as Police Commissioner of The City of New York, David Cohen, individually and in his Official Capacity as Deputy Police Commissioner for Intelligence, City of New York, Thomas Galati, individually and in his Official Capacity as Chief of the Intelligence Division, John Miller,**

---

\* Judge Geoffrey W. Crawford, United States District Court for the District of Vermont, sitting by designation.

individually and in his Official Capacity as Deputy Police Commissioner for Intelligence, City of New York, Charles Campisi, in his Individual and his Official Capacity as Commanding Officer, Internal Affairs Bureau, New York City Police Department, Christopher Broschart, Charles Hynes, in his Official Capacity as District Attorney, Kings County, New York, Melissa Carvajal, Individually and in her Official Capacity as Assistant District Attorney, Kings County, New York, Elizabeth Moehle, individually and in her Official Capacity as Assistant District Attorney, Kings County, New York,

*Defendants-Appellees.*†

---

FOR APPELLANT:  NATHANIEL B. SMITH (John Lenoir, *on the brief*), Law Office of Nathaniel B. Smith, Esq., New York, N.Y.

FOR APPELLEES:  JONATHAN A. POPOLOW, Special Counsel (Richard Paul Dearing and Scott Nathan Shorr, Assistant Corporation Counsels, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, N.Y.

---

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kuntz, *J.*, Reyes, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

---

† The clerk is respectfully directed to amend the caption of this matter as indicated.

Plaintiff-Appellant Bobby Farid Hadid appeals from the November 30, 2015 judgment of the United States District Court for the Eastern District of New York dismissing his claims for malicious prosecution, abuse of process, denial of a fair trial, denial of due process, municipal liability, and civil rights conspiracy, and his First Amendment retaliation claims relating to acts that occurred prior to January 5, 2012. Hadid also appeals from the April 22, 2015 judgment of the district court denying leave to amend his complaint, and from the December 16, 2016 judgment of the district court granting summary judgment in favor of the Defendant-Appellees on his First Amendment retaliation claim relating to the rejection of his application for reinstatement. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the specification of issues on appeal.

## I. Dismissal

"We review *de novo* the dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations as true, and drawing all reasonable inferences in the plaintiff's favor. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016) (internal citation and quotation marks omitted).

Hadid challenges the dismissal of his complaint on multiple grounds. None are availing.

A.  Abuse of Process

The district court dismissed the abuse of process claims brought under state and federal law on the grounds that they were time barred. The district court held that Hadid's abuse of process claims accrued on April 13, 2011, the day that he was arrested on perjury charges. Hadid argues that under the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), his abuse of process claim did not accrue until after his perjury conviction was overturned on appeal. *Heck* stands for the principle that, where a § 1983 claim would be factually inconsistent with an extant criminal conviction, the claim does not accrue until the conviction is overturned. *See Id.* at 486–87. This rule follows from the broader principle that a § 1983 claim should not function as a means by which to relitigate the facts underlying a conviction.

The abuse of process claim at issue here is not factually inconsistent with Hadid's perjury conviction; the fact of Hadid's ultimate conviction of the offense of perjury does not necessarily dispel the possibility that he was the victim of unconstitutional abuse of process in the events leading up to the conviction. Hadid could have pursued this claim while the perjury prosecution was pending or while his conviction stood, and his doing so would not have amounted to a collateral attack on the validity of the conviction. *Heck* tolling is thus not appropriate here. The district court did not err, therefore, in dismissing Hadid's abuse of process claims as time barred.

B.  Malicious Prosecution

The district court dismissed the malicious prosecution claims brought under state and federal law, on the grounds that the grand jury indictment created a presumption of probable cause for the perjury charge and Hadid had not alleged bad faith sufficient to rebut that presumption on the part of any of the non-prosecutor defendants. One of the elements of a malicious prosecution claim is that the defendant lacked probable cause to commence the proceeding. *See Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010).

On appeal, Hadid asserts that the complaint's failure to rebut the presumption of probable cause was not a proper basis for dismissal against the NYPD Defendants. But the affirmative defense of probable cause was apparent from the face of the complaint, which acknowledges that Hadid was indicted and convicted. *See* Complaint, ¶¶ 50 and 60. "An affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6) . . . if the defense appears on the face of the complaint." *Iowa Pub. Emps.' Ret. Sys. v. MF Glob., Ltd.*, 620 F.3d 137, 145 (2d Cir. 2010) (quoting *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998)). The district court did not err in dismissing the malicious prosecution claim for failure to rebut the presumption of probable cause.[1]

---

[1] We have routinely affirmed dismissals of malicious prosecution claims at the pleading stage where the plaintiff has failed to allege facts sufficient to rebut the presumption of probable cause flowing from a grand jury indictment. *See, e.g.*, *Lewis v. City of New York et al.*, 591 F. App'x 21, 22 (2d Cir. 2015) (summary order); *Jennis v. Rood et al.*, 310 F. App'x 439, 441 (2d Cir. 2009) (summary order).

5

Hadid also argues that the district court, in dismissing the malicious prosecution claim, did not draw in his favor all reasonable inferences from the facts pleaded in the complaint. He claims the district court should have drawn an inference that the indictment was procured in bad faith, but cites only the following allegations as proper bases for such an inference:

- The NYPD Defendants directly urged, encouraged, and importuned prosecutor Defendants to obtain an indictment with the malicious purpose of discrediting Hadid in the event he spoke out about alleged anti-Muslim bias or activities.

- The Defendants made no attempt to independently verify information regarding Hadid's alleged contacts with Grison and trips to France.

- The Defendants maliciously initiated the perjury prosecution without probable cause.

The final of these is an assertion of a legal conclusion rather than a fact, and the district court correctly ignored it. The remaining two cannot support a reasonable inference of bad faith procurement of the indictment. That the Defendants acted with "malicious purpose" is not necessarily inconsistent with probable cause having been present. Although Hadid claims that the Defendants subjectively desired to harm him, he fails to sufficiently allege that the indictment was produced by fraud, perjury, the suppression of evidence, or other bad-faith police misconduct. *See Dufort v. City of New York*, 874 F.3d 338, 352 (2d Cir. 2017). He therefore fails to negate the presence of probable cause. That the Defendants did not independently

6

verify Hadid's contacts with Grison similarly does not negate probable cause, especially given that Hadid himself testified to his contacts with Grison in open court.

The district court did not err in not inferring from the allegations in the complaint that the Defendants procured the indictment in bad faith, nor in concluding that the presumption of probable cause flowing from the indictment had not been rebutted. Thus, there was no error in the district court's dismissal of the malicious prosecution claim, an essential element of which is the absence of probable cause.

C.  First Amendment Claims

The district court dismissed on timeliness grounds Hadid's First Amendment claims based on alleged discrete acts of retaliation for his complaints about the Citywide Debriefing Unit's practices, where those acts occurred prior to January 5, 2012. In particular, these acts include Hadid's reassignment from the Intelligence Division to a precinct and the initiation of several internal disciplinary proceedings against him. The district court determined that First Amendment retaliation claims based on these acts were outside the three-year statute of limitations, as Hadid filed his complaint on January 5, 2015. *See* Decision & Order (Doc. 51) at 16–17.

Hadid invokes the continuing violation doctrine in an attempt to save these claims, but the continuing violation doctrine "applies not to discrete unlawful acts, even where those discrete acts are part of a 'serial violation,' but to claims that by their nature accrue only after the plaintiff has been subjected to some threshold

7

amount of mistreatment." *Gonzalez v. Hasty*, 802 F.3d 212, 220 (2d Cir. 2015) (internal alterations omitted). The district court did not err in identifying Hadid's reassignment and internal discipline as discrete acts to which the continuing violation doctrine could not apply, and did not err in dismissing the claims arising from them as untimely.

D. Fair Trial and Due Process

The district court dismissed Hadid's fair trial and due process claims on the basis that, to the extent that the complaint makes any allegations of violations of these rights by non-immune defendants, the allegations are conclusory and insufficient. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. We do not perceive, nor does Hadid point to, any part of the complaint that adequately pleads any violation of his fair trial or due process rights. There was no error in the district court's dismissal of these claims.

E. Conspiracy

The district court dismissed Hadid's conspiracy claims under §§ 1983 and 1985 on the basis that the complaint failed to allege sufficiently the existence of any agreement among the Defendants to achieve an unlawful end. Hadid asserts that the district court's decision on this issue was "wrong and was based on an unbalanced and selective reading of the allegations in the Complaint," Appellant's Brief at 48, but does not cite to, nor do we perceive, any specific allegation or

8

collection of allegations in the complaint that pleads adequately the existence of any agreement to achieve an unlawful end. We discern no error in the district court's dismissal of these claims.

F.  Municipal Liability

The district court dismissed Hadid's municipal liability claims on the grounds that there was no direct causal link between the municipal policy he alleged to exist—to wit, the profiling and interrogation of people on the basis of their religion—and his alleged injuries.

On appeal, Hadid asserts that the allegations in the complaint "are sufficient under settled law." Appellant's Brief at 49. The district court correctly noted that "[p]laintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." *Connick v. Thompson*, 563 U.S. 51, 60–61 (2011) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Hadid seeks to draw a causal connection between the alleged religious-profiling policy of the CDU and his demotion and prosecution. But it cannot fairly be said that he was demoted or prosecuted "pursuant to" that policy, *see Connick*, 563 U.S. at 60; his allegation really is that he was demoted and prosecuted for speaking out against the policy. The district court did not err in ruling that this was not a sufficiently direct causal link, and did not err in dismissing Hadid's municipal liability claims.

## II. Leave to Amend

"We review a district court's denial of leave to amend for abuse of discretion, unless the denial was based on an interpretation of law, such as futility, in which case we review the legal conclusion *de novo*." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

There seems to have been some confusion in the proceedings below regarding the timeframe in which Hadid could filed an amended pleading as of right. Among other things, the magistrate judge (Reyes, *M.J.*) issued an ambiguous oral modification of a scheduling order that made such modification conditional on the district court's decision on Hadid's motion to the district court. Although Hadid may have understandably been confused, he missed multiple opportunities to file an amended complaint, only asked for extensions at the last minute, and failed to clarify his deadline in the face of ambiguity. Ultimately, he filed his complaint beyond any conceivable interpretation of the timeframe in which he could file as of right under the Rule 16 scheduling order as amended. The district court did not err, therefore, in applying the Rule 16 good cause standard, nor did it abuse its discretion in finding no good cause, as it correctly determined that Hadid failed to show sufficient due diligence.

## III. Summary Judgment

"We review *de novo* a district court's grant of summary judgment, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor. Our task is to determine whether the district

court properly concluded that there was no genuine dispute as to any material fact, such that the moving party was entitled to judgment as a matter of law." *Minda v. United States*, 851 F.3d 231, 234 (2d Cir. 2017) (internal citations and quotation marks omitted).

The district court correctly ruled that Hadid had failed to adduce any evidence sufficient to support a finding that there was a causal connection between his participation in the *New York Times* article and the denial of his reinstatement. *See Anemone v. Metro. Transp. Auth.*, 629 F.3d 97, 114 (2d Cir. 2011) (surviving summary judgment on a First Amendment retaliation claim requires a public employee to present evidence of "a causal connection between the protected activity and the adverse employment action" (quoting *Dillon v. Morano*, 497 F.3d 247, 251 (2d Cir. 2007))). The district court also correctly determined that Hadid failed to present evidence sufficient to raise any genuine issue as to whether he would have been reinstated absent the *Times* article. *See Anemone*, 629 F.3d at 114 ("[E]ven if there is evidence that the adverse employment action was motivated in part by protected speech, the government can avoid liability if it can show that it would have taken the same adverse action in the absence of the protected speech." (quoting *Heil v. Santoro*, 147 F.3d 103, 109 (2d Cir. 1998))).

The evidence in the record on appeal reveals that there were ample grounds to reject Hadid's reinstatement application whether or not Hadid spoke to the *Times*. The district court did not err in granting summary judgment in favor of the Defendants.

11

We have fully considered all of Hadid's remaining arguments in favor of reversal and find them without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk