22-845-cv
*Dabah v. Franklin*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand twenty-three.

PRESENT: JOHN M. WALKER, JR.,
RICHARD C. WESLEY,
JOSEPH F. BIANCO,

*Circuit Judges.*

---

Elliot Dabah,

*Plaintiff-Appellant*,

v.                                                          22-845-cv

Nicole Franklin, Rica Hazelwood, Sharon Atkins, Myrtle Green, City of New York, Felix Dumay, individually, and as a manager, Sherill Douglas-Alexis, individually, and as a manager,

*Defendants-Appellees*.

---

FOR PLAINTIFFS-APPELLANTS:          CAROLYN A. KUBITSCHEK, Lansner & Kubitschek, New York, NY, (Elliot Shields, *on the briefs*), Roth & Roth, LLP, New York, NY.

FOR DEFENDANTS-APPELLEES:          LORENZO DI SILVIO (Richard Dearing & Elina Druker, *on the brief*) *for* Hon. Sylvia O. Hinds-Radix, Corporation

Counsel of the City of New York, New York, NY.

Appeal from the judgment of the United States District Court for the Southern District of New York (Carter, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Elliot Dabah appeals from the judgment of the district court, entered on March 31, 2022, granting the motion to dismiss filed by defendants-appellants Nicole Franklin, Rica Hazelwood, Sharon Atkins, Myrtle Green, Felix Dumay, and the City of New York. Dabah is the father of two minor children from a previous marriage. Under the divorce decree, his former wife was awarded "sole legal and physical custody of the children," but the children resided with Dabah every other weekend, Tuesday evenings, and on certain holidays and other occasions. Joint App'x at 63. The decree also provided that decisions regarding the children's medical treatment, education, and religious instruction be made jointly by Dabah and his former wife. In December 2016, New York City's Administration for Children's Services ("ACS") launched an investigation after receiving allegations that Dabah abused and mistreated his children. As a result of that investigation, ACS commenced *ex parte* child neglect proceedings against Dabah in the Family Court of the State of New York (the "Family Court"). The Family Court issued an *ex parte* order that barred Dabah from having any contact with his children and from participating in the determination of their medical decisions. Dabah contends that the investigation and neglect proceedings were instigated by his former wife, in an attempt to remove him from her and the children's lives, and that defendants knew or should have known that the allegations were false. Ultimately, after a trial in the Family Court, all charges against Dabah were dismissed and he regained access to his children.

2

Dabah then brought this action against individual ACS employees and the City of New York under 42 U.S.C. § 1983, alleging violations of substantive and procedural due process, malicious prosecution, and various state law claims. The district court dismissed Dabah's federal claims for failure to state a claim and declined to exercise supplemental jurisdiction over the remaining state law claims. We assume the parties' familiarity with the facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

**DISCUSSION**

We review *de novo* the grant of a motion to dismiss under Rule 12(b)(6), *Nunes v. Cable News Network, Inc.*, 31 F.4th 135, 140 (2d Cir. 2022), assuming the truth of facts alleged in the complaint and drawing all inferences in the plaintiff's favor, *Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015). We may also consider documents attached to the complaint as exhibits, incorporated by reference therein, or integral to the complaint. *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021), *cert. denied*, 142 S. Ct. 2679 (2022). To survive dismissal, the pleadings must contain "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), *i.e.*, to allow the court reasonably to infer that the defendant is liable for the misconduct alleged, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In making that assessment, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, we are "free to affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 130 (2d Cir. 2013) (per curiam) (quoting *Leecan v. Lopes*, 893 F.2d 1434, 1439 (2d Cir. 1990)).

3

## I.    Substantive and Procedural Due Process

Dabah concedes that his former wife has sole legal custody of the children. However, Dabah retained visitation rights and he "and his ex-wife jointly made decisions about the medical treatment, education, and religious instruction of [the children]." Joint App'x at 15. Dabah contends that he has a constitutionally protected liberty interest in these visitation and decision-making rights, and that defendants interfered with those rights by, among other things, failing to properly investigate the neglect allegations, continuing meritless neglect proceedings, and denying him a pre-termination and prompt post-termination hearing. Dabah asserts that this alleged interference constitutes a violation of his substantive and procedural due process rights.

As an initial matter, we have never resolved the question of whether a parent who does not have legal custody of a child nevertheless has a protected liberty interest in his or her visitation rights and/or right to participate in certain decisions regarding the child. *See Uwadiegwu v. Dep't of Soc. Servs. of the Cnty. of Suffolk*, 639 F. App'x 13, 15 (2d Cir. 2016) (summary order) (noting that this Court has never resolved whether there is a constitutionally protected liberty interest in a non-custodial parent's visitation rights with children). However, we need not reach that issue here because we conclude that Dabah's substantive and due process claims fail, even assuming he has such a liberty interest.

### A. Substantive Due Process

"To state a claim for a violation of this substantive due process right of custody, a plaintiff must demonstrate that the state action depriving him of custody was so shocking, arbitrary, and egregious that the Due Process Clause would not countenance it even were it accompanied by full procedural protection." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 275 (2d Cir. 2011) (internal quotation marks and citation omitted). Assuming Dabah has a constitutionally protected

4

liberty interest in his rights as a non-custodial parent, we see no reason why a different standard would apply to his rights. Under that standard, we have emphasized that "[a]lthough parents enjoy a constitutionally protected interest in their family integrity, this interest is counterbalanced by the compelling governmental interest in the protection of minor children, particularly in circumstances where the protection is considered necessary as against the parents themselves." *Wilkinson ex rel. Wilkinson v. Russell*, 182 F.3d 89, 104 (2d Cir. 1999) (internal quotation marks and citations omitted). Thus, "[t]his Circuit has adopted a standard governing case workers which reflects the recognized need for unusual deference in the abuse investigation context[; a]n investigation passes constitutional muster provided simply that case workers have a 'reasonable basis' for their findings of abuse." *Id.* Of course, "[c]ase workers cannot be free to substantiate a claim of abuse, for instance, by ignoring overwhelming exculpatory information or by manufacturing false evidence." *Id.*

Here, the removal of Dabah's children from his part-time care did not occur until after ACS obtained a Family Court order permitting such removal. That order was based on a neglect proceeding in which ACS alleged, among other things, that Dabah's two children gave separate statements to a case worker and therapist reporting that he used corporal punishment on them. Although the amended complaint alleges that those statements to ACS were false, the amended complaint contains no specific allegations that ACS fabricated the existence of those statements in its petitions to the Family Court. Instead, the amended complaint merely contains conclusory statements of fabrication that are insufficient to support a plausible substantive due process claim. *See Iqbal*, 556 U.S. at 678 (holding that a complaint is insufficient if it contains only "labels and conclusions[,] . . . a formulaic recitation of the elements of a cause of action[, or] . . . naked assertions devoid of further factual enhancement" (alteration adopted) (internal quotation marks

5

and citations omitted)); *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014) (holding that the court is not "required to accept as true allegations that are wholly conclusory"). Similarly, the amended complaint makes no allegations of specific exculpatory information that was withheld from the Family Court other than an assertion that Dabah's daughter showed him "great affection" during one visit by a case worker (purportedly undermining any claim of corporal punishment) and, upon information and belief, that the daughter had an unspecified favorable conversation about him during a second interview with a case worker (for which he was not present). In short, the allegations in the amended complaint do not support a plausible claim that defendants' conduct was shocking, arbitrary, or egregious. Therefore, the district court correctly held that the amended complaint failed to state a substantive due process claim.

## B. Procedural Due Process

Dabah argues that defendants violated his procedural due process rights by failing to provide: (1) a hearing before his visitation rights were terminated; and (2) a prompt hearing after his visitation rights were terminated. We consider each argument in turn.

The district court held that, as a non-custodial parent, Dabah was not entitled to any type of pre-termination hearing. We need not (and do not) address that issue because we hold that, even assuming *arguendo* that such a right exists, the pre-termination claim against the individual defendants is defeated by qualified immunity.

The doctrine of qualified immunity shields state officials from liability for civil damages unless their conduct violated a "clearly established" statutory or constitutional right at the time of the challenged conduct. *Terebesi v. Torreso*, 764 F.3d 217, 230 (2d Cir. 2014). "In determining whether a right is clearly established at the time of the conduct in question, we can consider Supreme Court decisions and our own decisions, as well as a consensus of cases of persuasive

6

authority such that a reasonable officer could not have believed that his actions were lawful." *Jones v. Treubig*, 963 F.3d 214, 224 (2d Cir. 2020) (internal quotation marks omitted).

Dabah points to no case authority clearly establishing the right of non-custodial parents to such a pre-termination hearing. Instead, Dabah relies on decisions addressing custodial parents' procedural due process rights. However, as we have previously held, "[t]here is no authority for the proposition that . . . a non-custodial parent ha[s] a clearly established right to a pre-termination hearing before suspension of whatever visitation rights she might have retained." *Young v. County of Fulton*, 160 F.3d 899, 903 (2d Cir. 1998). Dabah identifies no decision since *Young* by the Supreme Court, this Court, or by a consensus of other courts, that has clearly established that right. Accordingly, qualified immunity shields the individual defendants from Dabah's pre-termination procedural due process claim.

Likewise, Dabah fails to state a plausible claim that defendants denied him a prompt post-termination hearing. It is clear from the amended complaint that Dabah exercised his right to post-removal review under Section 1028 of the Family Court Act and obtained a post-deprivation hearing, after which the Family Court dismissed the neglect case against him. Although Dabah alleges that his due process rights were denied because the neglect proceedings took approximately twenty months to be completed, there is a "presumption of regularity that we attribute to state judicial proceedings," *Southerland v. City of New York*, 680 F.3d 127, 154 (2d Cir. 2012), and the delay in the proceedings while the case was pending in Family Court, and the alleged fault of defendants in causing that delay, do not overcome that presumption. Thus, the district court properly dismissed Dabah's procedural due process claim based on his post-termination hearing.

## II. Malicious Prosecution

The amended complaint also asserts a malicious prosecution claim for the "seizure" of the children by the neglect proceeding brought in Family Court. We have held that "[a] Fourth Amendment child-seizure claim belongs only to the child, not to the parent, although a parent has standing to assert it on the child's behalf." *Southerland*, 680 F.3d at 143; *see also Smith v. Tkach*, 844 F. App'x 414, 416 (2d Cir. 2021) (summary order) ("[Plaintiff] lacks standing to assert a Fourth Amendment claim based on the seizure of his children because *his* personal rights were not violated."); *but see Walker v. City of New York*, 621 F. App'x 74, 76 (2d Cir. 2015) (summary order) (noting that "the law in our Circuit is unsettled as to whether child removal proceedings can give rise to a federal claim for malicious prosecution of a parent").

Here, Dabah does not assert the malicious prosecution claim on behalf of the children, but rather on his own behalf. Although we read the language in *Southerland* to entirely foreclose Dabah from asserting this claim on his own behalf, the district court correctly determined, at a minimum, that the individual defendants were entitled to qualified immunity on this claim because we have never recognized any such independent Fourth Amendment right of the parent under these circumstances. *See Terebesi*, 764 F.3d at 230.[1]

## III. *Monell* Liability

Dabah also failed to plausibly state a municipal liability claim against the City under Section 1983. A "municipality can be held liable under Section 1983 if the deprivation of the

---

[1] The amended complaint also makes a conclusory reference to Dabah having been denied his right to a fair trial in the context of his malicious prosecution claim. Defendants argue that the claim is unpreserved because it was not clearly delineated as a separate claim in the amended complaint, and Dabah never alerted the district court that he intended to assert such a claim. We agree with defendants that the amended complaint did not contain a "short and plain statement" of that claim. Fed. R. Civ. P. 8(a)(2). In any event, a fair trial claim would necessarily be based on the same conclusory allegations of fabrication as the substantive due process claim and, thus, would likewise fail to survive a motion to dismiss. *See Lewis v.*

plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). "Absent such a custom, policy, or usage, a municipality cannot be held liable on a *respondeat superior* basis for the tort of its employee." *Id.* Dabah's *Monell* claim principally sounds in substantive due process. Specifically, he alleges that the City has a practice of removing children from their parent's custody without constitutionally adequate investigations. However, because we have affirmed the district court's determination that Dabah failed to state a substantive due process claim, the *Monell* claim based on that alleged constitutional violation also must fail. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) ("*Monell* does not provide a separate cause of action for the failure by the government to train its employees; it *extends* liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation."). Any *Monell* claim based on the lack of a prompt post-hearing procedure also fails because of the lack of an underlying constitutional violation. Furthermore, to the extent Dabah's amended complaint asserts *Monell* claims against the City that sound in procedural due process (based on the lack of a pre-deprivation hearing) or malicious prosecution (as to which we found qualified immunity for the individual defendants), he has failed to plead sufficient factual allegations to support a plausible inference that the City has a policy or practice that caused those alleged violations.

*      *      *

*City of New York*, 591 F. App'x 21, 22 (2d Cir. 2015) (summary order) ("[B]ecause [plaintiff] has provided no detail regarding the evidence purportedly fabricated by the defendant officers, he has not stated a plausible claim for denial of the right to a fair trial.").

We have considered Dabah's remaining arguments and conclude that they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.[2]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] At oral argument, and in a letter filed pursuant to Federal Rule of Appellate Procedure 28(j), Dabah requested that we remand with instructions that he be given leave to replead. However, Dabah concedes he did not request leave to amend his amended complaint before the district court. "While leave to amend under the Federal Rules of Civil Procedure is 'freely granted,' no court can be said to have erred in failing to grant a request that was not made." *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (quoting Fed. R. Civ. P. 15(a)). To the extent that Dabah nevertheless seeks to have this Court remand to allow him to replead, we decline to do so given the absence of such a request in the district court. *See In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008) (per curiam) (noting the "well-established general rule that an appellate court will not consider an issue raised for the first time on appeal" (internal quotation marks and citations omitted)).